UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DARYL C. JANES,<br>          Plaintiff,<br><br>     v.<br><br>COMMONWEALTH OF<br>MASSACHUSETTS,<br>          Defendant. | )<br>)<br>)<br>)<br>)   C.A. No. 05-11314-RCL<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

For the reasons stated below, this action is DISMISSED.

BACKGROUND

On June 23, 2005, plaintiff Daryl C. Janes, a frequent litigant in this Court,[1] paid the $250.00 filing fee and filed his civil complaint. At that time, summons were issued for service of the Commonwealth.

As of this date there has been no return to the Court of proof of service of the summons and complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure and Rule 4.1(b) of the Local Rules of this Court. Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

---

[1] The Court's records indicate that between 1997 and 2003, plaintiff filed seventeen actions, all of which were dismissed primarily on one or more of the following grounds: failure to state a cognizable claim resulting in dismissal pursuant to 28 U.S.C. § 1915(e), lack of subject matter jurisdiction, failure to exhaust administrative remedies, and judicial immunity. By Order dated October 26, 2005, plaintiff was enjoined from bringing new actions without prior leave of Court. See 10/26/05 Memorandum and Order, Janes v. Third District Court, C.A. No. 05-11646-JLT.

DISCUSSION

Although litigants are usually afforded the opportunity to complete service of process, plaintiff will not be granted such opportunity because this action is subject to dismissal for lack of subject matter jurisdiction. Federal district courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United states." 28 U.S.C. § 1331. They also have jurisdiction over all civil actions where the matter in controversy is greater than $75,000 and the action is between parties of diverse citizenship. 28 U.S.C. § 1332(a).

The First Circuit has warned that "[s]ua sponte dismissals are strong medicine and should be dispensed sparingly." Cepero-Rivera v. Fagundo, 414 F.3d 124, 130 (1st Cir. 2005) (quoting Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002)). However, "[i]t is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCullock v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). Thus, if a district court discovers that it lacks subject matter jurisdiction over a pending action, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

Here, plaintiff seeks to have this Court assume jurisdiction over a state court criminal action in which Mr. Janes is the alleged victim. This Court lacks subject matter jurisdiction under the Rooker-Feldman[2] doctrine or Younger abstention.[3] Although "[d]efective allegations

---

[2]The Rooker-Feldman doctrine is a distillation of two Supreme Court decisions: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). See Hill, 193 F.3d at n. 1 (describing history of doctrine).

[3]The federal courts have long recognized the "fundamental policy against federal interference with state criminal proceedings." Younger v. Harris, 401 U.S. 37, 46 (1971); In re Justices of the Superior Court, 218 F.3d 11, 16 (1st Cir. 2000).

of jurisdiction may be amended," 28 U.S.C. § 1653, in this case it would require a wild imagination to envision how Janes could amend his complaint to properly allege subject matter jurisdiction. Because this Court is unable to assume jurisdiction over a state criminal prosecution, the action is subject to dismissal.

ORDER

Based upon the foregoing, it is hereby ORDERED that this action is DISMISSED for lack of subject matter jurisdiction.

SO ORDERED.

 October 28, 2005                              /s/ Reginald C. Lindsay
DATE                                          REGINALD C. LINDSAY
                                              UNITED STATES DISTRICT JUDGE